No. 3264

Second Circuit

## ALEXANDER HAMILTON INSTITUTE v. HOLLIS

(April 9, 1931. Opinion and Decree.)
(May 20, 1931. Rehearing Refused.)

Melvin F. Johnson, of Shreveport, attorney for plaintiff, appellee.

Thatcher, Browne, Porteous & Myers, of Shreveport, attorneys for defendant, appellant.

McGREGOR, J. On January 2, 1923, the plaintiff and the defendant entered into a written contract wherein the defendant was enrolled for the modern business course and service to be furnished by the plaintiff and which was to extend over a period of two years. This course consisted of:

1. Modern Business Text—twenty-four bound volumes, containing a digest of present day business principles and practice—forwarded immediately, express prepaid.

2. Modern Business Talks—directing reading of text—two every month.

3. Modern Business Lectures—the experience of prominent business men—one every month.

4. Modern Business Problems—actual business problems, solutions to which will be reviewed—one every month.

5. Modern Business Service—:

Monthly letter on Business Conditions.

Monthly Financial and Trade Review.

Four Modern Business Reports to be selected by subscriber.

Answers to all inquiries in connection with the course.

The contract was signed by the defendant in person, and he is presumed to have read it and must be bound by its terms. The plaintiff was represented by a traveling salesman who also signed the contract and forwarded it by mail to the office of plaintiff in New York, where it was accepted, approved, and signed by its bursar. At the bottom of the contract there is a note in which is found the following stipulation: "This contract is not subject to revocation."

Immediately upon receipt of the contract in its office the plaintiff shipped by express the twenty-four bound volumes known as the Modern Business Text, and these were promptly received by the defendant and kept by him until the following August when he returned them to the plaintiff. In the meantime the plaintiff began and continued to send to defendant (1) Modern Business Talks, two each month for two years; (2) Modern Business Lectures, one each month for two years; (3) Modern Business Problems, one each month for two years; (4) Modern Business Service, Monthly Letter on Business Conditions, and Monthly Financial and Trade Review, one each month for two years. The Four Modern Business Reports to be selected by subscriber and answers to all inquiries in connection with the course were not sent, for the reason that the defendant admits that he never called for the Business Reports and did not make any inquiries on any subject as he had a right to do under the terms of the contract. The twenty-four bound volumes of Modern Business Text which were returned by the defendant were received by the plaintiff and held by it for the benefit of the defendant and he was so notified. At the expiration of the period of two years over which the contract by its terms was to extend and upon the failure and refusal of the defendant to pay, the plaintiff instituted this suit for the collection of $126, the balance due under the terms of the contract.

In his answer the defendant admitted signing the contract sued on and on the trial of the case he admitted the correctness of the copy of the contract attached

to the plaintiff's petition, but denied that it was binding. He specifically alleged that he executed the contract "through error of fact bearing on a material part" of the same "through fraudulent misrepresentations made by plaintiff's agent, one P. A. Gregory, who induced him to sign same and make payment to him in behalf of said plaintiff of the sum of $10.00." He further specifically alleged:

"That in inducing him to sign said contract and make said payment, as aforesaid, the said Gregory represented to respondent that the said business course and services referred to in said alleged contract was one entirely different from that which was actually furnished to respondent, in that the said Gregory represented to respondent that the Modern Business Text containing twenty-four bound volumes, contained the fundamental principles and complete digest of Commercial Law, including a treatise on Chattel Mortgages, Business Contracts, Bills of Sale, and other subjects pertaining to Commercial Law; also modern principles and methods of conducting a retail mercantile business; also a treatise and discussion of modern ideas of advertising in the retail mercantile business, including the furniture business; also the management and operation of retail mercantile establishments in all phases."

There was judgment in the lower court for the plaintiff as prayed for, and the defendant has appealed.

The plaintiff's testimony as to the delivery of the material called for in the contract was taken by deposition in New York and is convincing. The defendant attempts to deny the receipt of the various items, but it is evident that on account of his indifference in the matter and his unwillingness to go through with the course he ignored them when they came periodically and cast them aside and did not read or study them.

The contract in question is plain and unambiguous. The study course set out and described in plaintiff's petition is built along broad lines, and it is necessary that each individual apply it in his own way to his particular line of work. No doubt the course did not exactly conform to what defendant had in mind when he bought it, but the contract is clear and concise and speaks for itself. It specifically stipulates that it is not subject to revocation. Defendant apparently thought that he would be able to find in the course certain matters of detail that would enable him to advance and to increase his knowledge of the retail furniture business, the line engaged in by him, but this is not practicable. Those details can be acquired and mastered only by actual experience in the business, and the only benefit that can be acquired from the study course is the broadening effects obtained from studying general principles, as described in the course furnished by the plaintiff. Without a doubt, if the defendant had studied carefully and mastered all the books and pamphlets sent to him by the plaintiff, he would have been better fitted for any position in any retail mercantile business. There is no short cut to knowledge or success in any line of business. In his zeal to make a sale it may be that the plaintiff's salesman overdrew the picture somewhat as to the simplicity of the course of study and its direct application to defendant's business, but we cannot say that in so doing he acted fraudulently, and that, consequently, the defendant had the right to recede from the contract seven months later. One of the fundamental principles of every business is that one is firmly bound by his written contracts. Defendant is an intelligent man, and a careful reading of the contract should have convinced him that the course he was enter-

ing into was a general one, and that the benefit he expected to derive would be through the application of general business principles to his particular line. He should have known that plaintiff could not be bound by any verbal representations of its salesman.

For reasons assigned, the judgment appealed from is affirmed, the defendant to pay the costs of both courts.