## ALEXANDER HAMILTON INSTITUTE v. ROGERS.—84 S. W. (2d) 107.

Eastern Section.   April 13, 1935.

Petition for Certiorari denied by Supreme Court, June 29, 1935.

Wiley & Conner, of Johnson City, for plaintiff in error.
Sam W. Price and R. L. Fine, both of Johnson City, for defendant in error.

PORTRUM, J.  In this case, Mrs. Rogers, a young business woman operating a real estate business in Johnson City, Tenn., signed a contract for a course taught by the Institute through the mail for which she agreed to pay $165; $15 cash and the balance in monthly payments of $15 each.  She was to study the books listed and submit written examinations upon the studies for grading, and she was entitled to other instructions and advice upon request.  This contract was made November 26, 1930, and she received the books immediately.  She did not study the courses nor submit papers, and she neglected to pay the monthly installments.  Demand for payment was made, and on March 21, 1931, she wrote the Institute this letter:

"Gentlemen: I am very sorry I have appeared to be negligent

or disinterested in meeting my contract for taking your finance course.

"As explained to your representative, I was taking another course and did not have it quite paid for, as well as an encyclopedia. However, I thought before this time I would have been able to take care of the payments due you, as I now have the other items paid for. I feel sure that I can get my account with you caught up within a very short time. I want to have time to read some of your books before starting these payments, but up to this time I have not had time to start your course on account of having so much business to look after and trying to finish the course I had previously started. I feel sure I am going to benefit by this course just as soon as I can get started on it.

"Assuring you of my appreciation for your leniency and co-operation in this matter, I am."

Later she agreed with the attorney holding the account to pay $100 in satisfaction of the account in four installments of $25 each, and this she neglected to do. As a result this case was instituted.

The defendant attempts to rescind the contract for the reason that the books were not as represented, by oral representation made by the agent. The contract contains this provision: "This contract is not subject to revocation and it contains the whole agreement between the subscriber and the Hamilton Institute." She was permitted, over the objection of counsel, to testify to certain oral representations made by the agent.

The case was tried three times in the lower court before a jury; the first two verdicts were set aside by the trial court and a new trial given. The verdicts in each case were for the defendant, and in the last case the court permitted the verdict to stand, and rendered judgment upon it, dismissing the suit, from which the plaintiff prosecuted an appeal in error to this court.

We do not think the defendant was entitled to rescind this contract, for at the time she received the books she examined them with the full knowledge of the so-called representation, and expressed in the above-quoted letter her entire satisfaction. She cannot rescind when she had knowledge of a breach of warranty at the time she accepted the shipment, and she must return or offer to return the goods within a reasonable time. She still has the goods, and has never offered to return them. See Code 1932, section 7262.

And her written contract states that there is no other agreement. Oral warranty cannot be treated in the absence of fraud. White Co. v. Bacherig, 9 Tenn. App., 501.

Dealing with a like question by a Louisiana court, where the contract form signed by the defendant provided, "This contract not subject to revocation," the defendant claimed a fraudulent mis-

representation and that the course was not what he understood, and also denied receiving the material, but the court held that his indifference and neglect of the material furnished no basis to relieve his failure to perform.

"One of .the fundamental principles of every business is that one is firmly bound by his written contracts. Defendant is an intelligent man, and a careful reading of the contract should have convinced him that the course he was entering into was a general one, and that the benefit he expected to derive would be through the application of general business principles to his particular line. He should have known that plaintiff could not be bound by any verbal representations of its salesman." Alexander Hamilton Institute v. Hollis, 16 La. App., 448, 133 So., 458, 460.

In this case we think this intelligent business lady knew what she was buying, as evidenced by her letter, and she had taken other courses and knew what to expect, and she expressed complete satisfaction with the course long after it had been delivered, and expressed a purpose to pursue it with diligence. We think she cannot with good grace repudiate her contract at this late date upon the theory that she was deceived, or. that the goods are not as represented.

We do not think there is any evidence in this record to support the verdict of the jury which amounts to a rescission of the contract in the defendant's favor. For this reason we think the court erred in not directing a verdict in favor of the plaintiff. The assignments of error will be sustained, the verdict of the jury set aside because there is no evidence to support it, and a verdict directed in favor of the plaintiff upon its motion for a directed verdict, and a judgment will be entered for the amount due under the contract, namely, the sum of $150 and the costs of the cause.