## ALEXANDER HAMILTON INSTITUTE v. SMITH.

### No. 5666.

Court of Appeal of Louisiana. Second Circuit.

April 1, 1938.

Rehearing Denied April 29, 1938.

Albert E. Bryson, of Shreveport, for appellant.

Simon Herold, of Shreveport, for appellee.

HAMITER, Judge.

Defendant executed a written contract on March 28, 1936, under which he subscribed or enrolled for plaintiff's Special Elective Course and Service. This included and consisted of 18 bound volumes covering modern business subjects and various guides, lectures, business problems and reports. The subscription was procured by a representative of plaintiff and was accepted by the latter on April 4, 1936. The agreed consideration for the course was $150.00, payable $5.00 on the signing of the contract and $8.00 per month beginning May 15, 1936.

Pertinent provisions of the agreement were:

"All payments (except first, which should be made to Representative at time of giving application) are to be sent by mail to the order of the Alexander Hamilton Institute. Should any part of the above fee become due and remain unpaid for sixty days or more, the entire balance may, at the option of the Institute, be declared immediately due and payable. This contract is not subject to revocation and it contains the whole agreement between the subscriber and the Alexander Hamilton Institute. The retention of this application by the Institute denotes its acceptance."

On February 23, 1937, plaintiff instituted this suit alleging a fulfillment of its part of the contract and that defendant has breached the subscription agreement in that he has paid only $5.00 of the stipulated consideration. It prays for judgment against him for $145.00.

In his answer defendant admits the contract's execution. However, he denies liability thereunder for the asserted reason that the fraudulent representations of plaintiff's agent induced his signing of it. Further averments are that he has paid the sum of $25.00 on the subscription price, and that all of the materials have been returned to plaintiff. He prays for the rejection of plaintiff's demands, and that there be judgment in reconvention for the amount alleged to have been paid.

Judgment was rendered in plaintiff's favor in accordance with its prayer. The reconventional demand was rejected.

Defendant filed a motion for a new trial in which he alleged:

"2. That this case involves the merits of a correspondence course, and defendant attempted to secure the evidence of one or more college professors at the former trial, but could not owing to the fact that the trial was had during the summer vacation period, and said professors could not be present.

"3. That the ends of justice would be served if a new trial or rehearing were granted, and defendant allowed to introduce their testimony regarding the course sued upon."

The motion was overruled, and defendant appealed from the judgment.

The evidence in the record discloses that shipment of the eighteen Modern Business Text volumes was made by plaintiff on the date of its acceptance of the contract, viz.; April 4, 1936, and thereafter the supplemental literature of the course and service was mailed at regular intervals pursuant to the provisions of the written agreement.

On May 21, 1936, defendant dispatched a letter to plaintiff in which he said:

"Please accept my check for my first payment on my course. However, I am a few days late caused by being out of town. Please rest assured that the payments will be regular from now on.

"I have enjoyed the course very much and feel sure that I will be greatly benefitted by it."

The check mentioned in the quoted letter was for the sum of $8.00. However, it was returned to defendant because of his failure to affix his signature thereto, and it was not again forwarded to plaintiff. No payment was made by defendant on the subscription, except one of $5.00, and this occurred when he signed the contract.

A package bearing defendant's name was offered for delivery at plaintiff's business establishment by the express company on September 29, 1936, but acceptance thereof was refused.

It is defendant's testimony that he told plaintiff's representative of his desire to obtain a course which covered higher business management, the technique of handling men, and business administration, and that he executed the enrollment contract because of the agent's assertion that such a course could and would be furnished to him. Upon receipt of the books and other literature he examined them and concluded that they were not as represented.

The evidence is not convincing that legal fraud, such as is sufficient for and warrants the annulment of a contract, was practiced upon defendant. There is no doubt that the salesman furnished a strong sales talk in obtaining the subscription. However, the writing which the subscriber signed enumerated the various subjects covered by the course and the different services to be furnished, and provided, as aforestated, that "this contract is not subject to revocation and it contains the whole agreement between the subscriber and the Alexander Hamilton Institute".

Defendant is an intelligent business person. He is a graduate of one of the leading southern universities and occupies the position of house superintendent for a nationally known packing company. Approximately eighteen men are under his control and supervision. It was incumbent on him to read the provisions of the printed contract, which were clear and unambiguous, and to ponder well the binding effect and significance of his execution of the agreement. Whether he did that is not now important, for his signature was affixed to the instrument, and he must discharge the obligation which he created.

The case of Alexander Hamilton Institute v. Hollis, 16 La. 448, 133 So. 458, involved a contract almost identical with the one presently under consideration. We held therein that the defendant who signed the agreement was presumed to have read it and its terms were binding on him; and that plaintiff was not bound by verbal representations of its salesman.

In view of defendant's failure to pay any of the stipulated monthly installments when due, plaintiff was justified, under the acceleration clause of the contract, in declaring the entire balance due; and the trial court properly awarded judgment for the entire unpaid amount.

We also think that no error was committed in refusing a new trial. The testimony which defendant desired to offer would have been of no benefit in substantia-

tion of the defense pleaded in the case. Furthermore, the granting of a new trial is largely within the discretion of the trial court, and we do not find that there has been an abuse of that discretion.

The judgment is affirmed, with costs.